PLAINTIFFS:

Darren Dione Aquino

Sihar Aquino

Aza Derman

Application **DENIED**. The motion is untimely under Federal Rule of Civil Procedure 60(c)(1). The Clerk of Court is respectfully directed to close the motion at Dkt. No. 90 and mail a copy of this Order to the pro se Plaintiffs.

Dated: April 21, 2025
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

DEFENDANTS:

Skyview Management Corp.

Orsid Realty Corp.

Rivkin Radler LLP

Doe Law Firm 2

John Doe Property Owner

John Doe Attorneys of Record

BASIS OF JURISDICTION:

[X] Federal Question (U.S. Government Not a Party)

NATURE OF SUIT:

[X] 440 Civil Rights - Other

[X] 443 Housing/Accommodations

[X] 442 Civil Rights - ADA

[X] 890 Other Statutory Actions

CAUSE OF ACTION:

Emergency Rule 60(b) Motion to vacate judgment due to fraud upon the court, ADA & FHA violations.

REQUESTED RELIEF:

[X] Emergency injunctive relief

[X] Reinstatement of tenancy

[X] $1,000,000+ damages

[X] Attorney accountability and sanctions

ORIGIN:

[X] Reopened Case (Previously filed under 16-cv-334 (LGS))

SIGNATURE OF PRO SE PLAINTIFF:

Darren Dione Aquino

Date: April 14, 2025

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

DARREN DIONE AQUINO,

SIHAR AQUINO,

AZA DERMAN,

Plaintiffs, Pro Se,

-vs-

SKYVIEW MANAGEMENT CORP.,

ORSID REALTY CORP.,

RIVKIN RADLER LLP,

DOE LAW FIRM 2,

JOHN DOE PROPERTY OWNER,

JOHN DOE ATTORNEYS OF RECORD,

Defendants.

Civil Action No.: 16-cv-334 (LGS)

EMERGENCY MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)(3), (4), AND (6)

(Fraud Upon the Court, Void Judgment, ADA & Fair Housing Violations, and Emergency Request for Immediate Reinstatement of Tenancy at 5900 Arlington Ave, Apt. 12H, Bronx, NY)

PRELIMINARY STATEMENT

Plaintiffs respectfully move to vacate the judgment under Rule 60(b) due to fraud, a void judgment, and extraordinary circumstances.

Emergency relief is requested to restore possession of Apartment 12H, Bronx, NY, and to reinstate full claims exceeding $1,000,000.

FACTUAL BACKGROUND

- Plaintiffs were forced from Apartment 12H after 50 years of tenancy and ADA requests.

- The property was sold, but the real owner was concealed by Rivkin Radler LLP.

- Rivkin claimed settlement from Skyview, but it came from a hidden owner.

- Rivkin Radler violated a judicial seal by revealing Plaintiff's private medical records to the new owner.

- The new owner apologized, but damage was done  this was a violation of privacy and court authority.

- Plaintiffs were pro se, disabled, and denied the right to appointed counsel.

- Without counsel, they could not protect their rights or uncover the fraud until years later.

- There is no statute of limitations on fraud upon the court or constitutional housing rights.

GROUNDS FOR RELIEF

1. Fraud Upon the Court  Rivkin misled the court and concealed the real payer.

2. Void Judgment  Based on misrepresentation and lack of jurisdiction.

3. Extraordinary Circumstances  Plaintiffs are disabled and were denied due process.

4. Violation of Court Seal  Sealed medical data was improperly disclosed.

SUPPORTING LEGAL AUTHORITY

- Hazel-Atlas Glass Co., 322 U.S. 238 (1944)

- Throckmorton, 98 U.S. 61 (1878)

- Chambers v. NASCO, Inc., 501 U.S. 32 (1991)

- Gonzalez v. Crosby, 545 U.S. 524 (2005)

- 42 U.S.C. 12132 (ADA Title II)

- 42 U.S.C. 3604(f), 3617 (FHA)

- Bounds v. Smith, 430 U.S. 817 (1977)

RELIEF REQUESTED

1. Vacate the judgment in Case No. 16-cv-334 (LGS).

2. Emergency reinstatement of tenancy at 5900 Arlington Ave, Apt. 12H.

3. Reinstatement of all civil claims over $1,000,000.

4. Compel Rivkin to disclose communications and true ownership.

5. Refer attorneys for disciplinary investigation.

6. Waive all filing fees under ADA Title II.

7. Emergency injunction and hearing.

8. Compensatory and punitive damages for breach of sealed court order.

9. Federal referral for violation of sealed records and medical privacy.

Respectfully submitted,

Darren Dione Aquino

Sihar Aquino

Aza Derman

Date: April 14, 2025